IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTIN BEAUREGARD**<br>801 Coraopolis Road<br>Coraopolis, PA 15108<br><br>    Plaintiff,<br><br>  v.<br><br>**BROADWAY ELECTRIC SERVICE CORPORATION**<br>1800 N. Central Street<br>Knoxville, KY 37917<br><br>    Defendant | Civil Action No.  2:21-cv-1600<br><br><br>Removed from:<br>Court of Common Pleas of<br>Beaver County, Pennsylvania<br>Docket No.:  2021-11356<br><br>JURY TRIAL DEMANDED |

### NOTICE OF REMOVAL

Defendant Broadway Electric Service Corporation ("BESCO"), by and through its undersigned counsel, hereby removes this action from the Beaver County Court of Common Pleas to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. §1446, *et seq*. In support of this Notice of Removal, BESCO avers as follows:

### PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS

1. October 21, 2021, Justin Beauregard ("Plaintiff") commenced this class action in the Court of Common Pleas of Beaver County, Pennsylvania, by filing a Complaint (the "Complaint"), a copy of which is attached hereto as Exhibit A.

2. Plaintiff is an individual domiciled in Pennsylvania and is therefore a citizen of Pennsylvania. (Ex. A, ¶).

3. BESCO is a Tennessee corporation with its principal place of business in Knoxville, Tennessee. (*Id.* ¶ 2).

4. Plaintiff alleges in the Complaint that, from January 2021 until September 2021, he was employed by BESCO and assigned to perform work for the construction of a petrochemical facility in Monaca, PA (the "Monaca Facility"). (*Id.*¶ 7).

5. Plaintiff asserts a claim, on behalf of himself and all hourly BESCO employees assigned to the Monaca Facility for the past three years (the " Putative Class"), against BESCO for violations of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.* (Ex. A, Count I).

6. More specifically, Plaintiff alleges that BESCO failed "to pay Plaintiff and the class any compensation for required activities before their scheduled start time and required activities after their scheduled end time during weeks in which their paid hours equaled or exceeded 40 hours." (*Id.* at ¶ 24).

7. Plaintiff, on behalf of himself and the Putative Class, seeks unpaid overtime wages; prejudgment interest; and litigation costs, expenses, and attorneys' fees "to the fullest extent permitted under the law." (*Id.*)

**REMOVAL IS PROPER ON THE BASIS OF CAFA DIVERSITY JURISDICTION**

8. 28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction.

9. The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109–2, 119 Stat. 4 (codified in scattered sections of Title 28 of the U.S. Code) gives district courts original jurisdiction over class actions in which the proposed class consists of at least 100 members; the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs; and diversity of citizenship exists between any class member and any defendant. 28 U.S.C. § 1332(d).

10. "[A] putative class action's qualification for CAFA jurisdiction is determined based on the class action that is 'filed' under Rule 23—in other words, the class action that is alleged." *Verma v. 3001 Castor, Inc.*, 937 F.3d 221, 228 (3d Cir. 2019) (*citing Coba v. Ford Motor Co.*, 932 F.3d 114, 120 (3d Cir. 2019)).[1]

11. Assuming, *arguendo*, that Plaintiff's allegations are true, the Putative Class contains more than 100 members.

12. Assuming, arguendo, that Plaintiff's allegations are true, the total amount in controversy exceeds $5,000,000.00.

13. Complete diversity exists between the sole named plaintiff, a citizen of Pennsylvania, and the only Defendant, a citizen of Tennessee.

14. Therefore, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**REMOVAL IS PROPER ON THE BASIS OF TRADITIONAL DIVERSITY JURISDICTION**

15. 28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction.

16. 28 U.S.C. § 1332(a) gives district courts traditional diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States".

17. The total amount in controversy in relation to Plaintiff's claim on behalf of himself, based upon the facts as alleged in the Complaint, exceeds $75,000.00.

---

[1] Accordingly, for purposes of this Notice only, BESCO assumes, *arguendo*, the facts as pled by Plaintiff to be true.

Case 2:21-cv-01600-WSS   Document 1   Filed 11/05/21   Page 4 of 6

18. Complete diversity exists between the sole named plaintiff, a citizen of Pennsylvania, and the only Defendant, a citizen of Tennessee.

19. Therefore, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a).

**REMOVAL IS PROPER ON THE BASIS OF FEDERAL QUESTION JURISDICTION**

20. 28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction.

21. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

22. Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), provides as district courts with original jurisdiction over civil actions that are substantially dependent upon the interpretation of labor agreements.  29 U.S.C. § 185(a).[2]

23. Plaintiff's claim is substantially dependent upon analysis of the Project Labor Agreement governing the construction of the Monaca Facility.

24. Therefore, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

25. Pursuant to 28 U.S.C. § 1446(d), BESCO will promptly serve a copy of this Notice of Removal on Plaintiff and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the Court of Common Pleas of Beaver County, Pennsylvania.

---

[2] Section 301(a) provides, in relevant part, that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties".  29 U.S.C. § 185(a).  *See also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor contract law").

26. Pursuant to 28 U.S.C. § 1446(a), BESCO has attached copies of all process, pleadings, and orders served on it in the State court record. (Exhibit A.)

## NON-WAIVER OF DEFENSES

27. By filing this notice of removal, BESCO does not waive and expressly reserves any and all objections it may have with respect to service, jurisdiction, venue, or any other defenses or objections.

28. By filing this Notice of Removal, BESCO does not make any admission of fact, law, or liability and it expressly reserves the right to raise any procedural and/or substantive defenses.

**WHEREFORE**, Defendant Broadway Electrical Service Corporation hereby removes this action from the Court of Common Pleas of Beaver County, Pennsylvania, Docket No. 2021-11356, to the United States District Court for the Western District of Pennsylvania.

Respectfully Submitted,

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.**

Dated: November 5, 2021

**JONATHAN LANDESMAN, ESQUIRE
LORI WISNIEWSKI AZZARA, ESQUIRE
HOPE STEIDLE KILDEA, ESQUIRE**
525 William Penn Place
Suite 3005
Pittsburgh, PA 15219
Phone: (412) 434-5530
Fax:    (412) 535-5565
Email:  jlandesman@cohenseglias.com
        lazzara@cohenseglias.com
        hkildea@cohenseglias.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Jonathan Landesman, Esquire, hereby certify that on this 5th day of November, 2021, a true and correct copy of the foregoing Notice of Removal has been filed electronically and is available for viewing and downloading from the ECF system and was served via email and first class mail upon the following:

Timothy Conboy, Esquire
ConboyLaw, LLC
773 Washington Road, Suite 201
Pittsburgh, PA 15228
time@conboylaw.com

Peter Winebrake, Esquire
R. Andrew Santillo, Esquire
Mark J. Gottesfeld, Esquire
WINEBRAKE & SANTILLO, LLC
715 Twinning Roade, Suite 211
Dresher, PA 19025
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com
mgottesfeld@winebrakelaw.com

JONATHAN LANDESMAN, ESQUIRE